JOHN BAKER

*v.*

JAMES BAKER *et al.*

*Filed at Ottawa January 20, 1896.*

1. DEEDS—*cannot be delivered in escrow to the grantee.* Delivery by a father to his son of deeds in which such son is grantee is an absolute delivery, even though the grantor intended that such deeds should not take effect until after his death, as a deed cannot be delivered to the grantee named therein, as an escrow.

2. SAME—*delivery to third person—when a complete delivery.* Delivery by a father to his son of deeds to other children, to be delivered to them at the father's death, is a sufficient delivery to pass the title, where the father retains no control over them and the son delivers them to the grantees at the father's death.

3. APPEALS AND ERRORS—*presumption, on appeal, that notarial seal was attached to acknowledgment.* It will be presumed, on appeal, that the seal of a notary was attached to a certificate of acknowledgment purporting to be under the notary's official seal.

4. SAME—*when objection will not be first heard on appeal.* The objection that there is no notarial seal attached to the certificate of acknowledgment of a deed offered in evidence cannot be first made on appeal.

5. JUDGMENTS AND DECREES—*dismissal of bill for want of equity, on default.* The bill of a complainant is properly dismissed where the evidence fails to show equities in his favor upon which a decree can be based, although it has been taken as confessed against one or more of the defendants.

APPEAL from the Circuit Court of LaSalle county; the Hon. CHARLES BLANCHARD, Judge, presiding.

R. D. MCDONALD, and DAVID ROSS, for appellant:

The court erred in dismissing the bill as to Elizabeth Graham after the bill had been taken as confessed against her. *Grob* v. *Cushman,* 45 Ill. 124.

It would be idle to contend that there was a delivery and reception of the deeds when the grantor died before the grantees Mary Martin and Elizabeth Graham knew of the existence of the deeds. *Insurance Co.* v. *Campbell,* 95 Ill. 279; *Sullivan* v. *Eddy,* 154 id. 207; *Wiggins* v. *Lusk,* 12 id. 134.

The possession by Joseph Baker was identically the same as though James Baker, Sr., had retained the manual possession of the deeds himself. *Miller* v. *Meers*, 155 Ill. 291; *Hayes* v. *Boylan*, 141 id. 403; *Barrows* v. *Barrows*, 138 id. 652.

If the deeds had been demanded of Joseph by his father he would have been bound to surrender them. *Barrows* v. *Barrows, supra*; *Hayes* v. *Boylan, supra; Stanton* v. *Miller*, 58 N. Y. 192.

The delivery of the envelope containing the deeds to Joseph, which contained the reservation of possession, rents and profits during the natural life of James Baker, Sr., operated precisely as though he had made a will without having the deeds executed and witnessed as a will. *Hayes* v. *Boylan, supra; Bovee* v. *Hinde*, 135 Ill. 148; *Cline* v. *Jones*, 111 id. 569; *Cook* v. *Brown*, 34 N. H. 474.

If, as we contend, no present interest passed to any one while the grantor lived, then a delivery of the deeds after his death passed no title to any of the grantees. *Wiggins* v. *Lusk*, 12 Ill. 134; *Miller* v. *Meers*, 155 id. 291.

A reservation in a deed reserving the rents, issues and profits, and the use and dominion over the land, reserves the fee in it. *Caldwell* v. *Fulton*, 31 Pa. St. 484; *Clement* v. *Youngman*, 40 id. 344; 3 Washburn on Real Prop. 333, 450.

O'CONOR, DUNCAN & HASKINS, for appellees:

In order to operate as an escrow the delivery must be made to a stranger, (one not a party,) otherwise the deed or instrument will become absolute at law, and parol evidence of conditions qualifying it inadmissible. *McCann* v. *Atherton*, 106 Ill. 32; *Jayne* v. *Gregg*, 42 id. 413; *Blake* v. *Fash*, 44 id. 305; 1 Warvelle on Vendors, 517; *Skinner* v. *Baker*, 79 Ill. 496.

If the father, before his death, placed the deeds in his son's trunk, where they were afterwards found, that was sufficient to show a delivery by the father in his lifetime. *Hill* v. *Hill*, 119 Ill. 142; *Douglas* v. *West*, 140 id. 455.

Where a grantor placed a deed in the hands of the grantee upon the condition that it was to take effect only in case the grantee remained in Texas, and that if he returned it was to be delivered back and be of no force, the delivery being to the grantee and not to a stranger, the deed became absolute, and the grantee took an indefeasible immediate estate. *Stevenson* v. *Crapnell,* 114 Ill. 19; *Neeley* v. *Lewis,* 5 Gilm. 31; 3 Washburn on Real Prop. 267, and notes; 1 Warvelle on Vendors, 517, and notes; *Cline* v. *Jones,* 111 Ill. 568; *Weber* v. *Christen,* 121 id. 91.

Mr. CHIEF JUSTICE CRAIG delivered the opinion of the court:

This was a bill brought by John Baker, who claimed to be a son and heir-at-law of James Baker, Sr., deceased, against James Baker, Jr., William Baker, Joseph Baker, Elizabeth Graham, Mary Martin, Nancy Herd, Ann Lee, Sarah King, Mary King, Cora King and James King, to partition certain lands in LaSalle county which are described in the bill. Answers were put into the bill, in which it was admitted that James Baker, Sr., died July 16, 1892, but it is denied that he was, at the time of his death, seized of the lands described in the bill. The answer also denied that complainant had any interest in the lands, by descent or otherwise. Replications to the answers having been filed, a hearing was had on the pleadings and evidence, and a decree entered dismissing the bill, to reverse which the complainant appealed.

James Baker, Sr., originally owned the lands in question. He died intestate July 16, 1892. Prior to his death, on April 19, 1892, he executed five deeds,—one to Elizabeth Graham, one to James Baker, Jr., two to Joseph Baker and one to Mary Martin,—conveying the lands in question, in different quantities, to the respective grantees. After the deeds were executed and acknowledged the grantor placed them in an envelope and gave them to his son Joseph, to hold until his death and then deliver

them to the respective grantees. Joseph took the deeds into his possession, placed them in his trunk and kept them until his father died, when he delivered them over to the respective grantees, as he had been directed to do by his father.

It is said, however, in the argument, that the facts do not establish a sufficient delivery of the deeds, and that no title passed to the grantees therein named. As has been seen, the five deeds were delivered to Joseph, but as he was the grantee in two of them, the question of delivery as to these deeds rests upon a different ground than does the question of delivery of the deeds made to the other parties, and the question of the delivery of said two deeds will be considered separately. It may have been the intention of the grantor to deliver to Joseph the deeds which were made to him, as an escrow, to take effect upon the grantor's death. But the law is well settled that a deed cannot be delivered to the grantee himself as an escrow. In such a case, to be effectual, the deed must be delivered to a stranger, otherwise the deed becomes absolute at law. (*McCann* v. *Atherton*, 106 Ill. 31, and cases there cited; 6 Am. & Eng. Ency. of Law, 858.) In *Stevenson* v. *Crapnell*, 114 Ill. 19, the effect of the delivery of a deed to the grantee arose, and it was said "that there cannot be delivery of a deed to the grantee as an escrow —that such delivery makes the deed an absolute one to the grantee." (See, also, 3 Washburn on Real Prop. 267.) Here the deeds were actually passed from the grantor to the grantee, and the delivery must be regarded absolute.

We now come to the deeds made to the three other parties, and placed by the grantor in the hands of Joseph, to be held until the death of the grantor and then to be passed over to the grantees. In *Stone* v. *Duvall*, 77 Ill. 475, we held that the delivery of a deed for land to a third party, to be retained until the death of the grantor and then to be delivered to the grantee, is not an absolute delivery, and will not operate to vest an immediate estate

in the land, but it will be good to pass the title, at the grantor's death, to the grantee or his heirs.    In *Stinson* v. *Anderson,* 96 Ill. 373, we said (p. 376): "When the delivery, though to a stranger for the benefit of the grantees, is absolute, it is good, but if a future control is retained over it no estate passes." In the case under consideration the grantor passed the deeds into the possession and absolute control of Joseph.    The grantor retained no control whatever over them, but Joseph took and retained the entire control, and they never passed out of his possession until the death of the grantor, when he delivered them over to the respective grantees.    Under the facts as they were proven we entertain no doubt in regard to the validity of the delivery of the deeds.

It is also claimed in the argument that the deeds to Joseph Baker, Mary Martin and Elizabeth Graham were improperly admitted in evidence, because there was no notarial seal attached to the certificate of acknowledgment.    The certificate of the notary purports to be under his official seal.    It was as follows:

"Given under my hand and notarial seal, this 19th day of April, A. D. 1892.          VINCENT J. DUNCAN, [Seal.]
                                                          *Notary Public.*"

Whether the official seal was actually attached to the certificate could only be determined from an inspection of the original deeds, and they are not before us; but from the certificate we will presume the official seal was impressed on the certificate.    Moreover, when the deeds were put in evidence no objection was made to their admission in evidence on the ground the official seal of the notary did not appear on the certificate of acknowledgment, and the objection not having been made at that time, when the execution of the deeds could have been proven and the objection removed, will be regarded as having been waived.

It is also urged that the court erred in dismissing complainant's bill after it had been taken as confessed against Elizabeth Graham and other defendants. The right of complainant to a decree depended on the evidence, and unless the evidence, after it was all in, showed equities in his favor upon which a decree could be predicated, he was not entitled to a decree, although some one or more of the defendants had failed to answer the bill. This was not a case where a court would be justified in rendering a decree in default of answer, without evidence to support the allegations of the bill.

We find no substantial error in the record, and the decree of the circuit court will be affirmed.

*Decree affirmed.*