OLIVER W. MARBLE

*v.*

WILLIAM H. THOMAS *et al.*

*Opinion filed February 17, 1899—Rehearing denied April 7, 1899.*

PRACTICE—*master's findings of fact are conclusive in the absence of exceptions.* Confirmation of the master's report is conclusive of matters of fact on appeal, where no exceptions to the report are filed after the master has overruled the objections thereto.

*Marble* v. *Thomas*, 77 Ill. App. 111, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding.

HENRY L. REXFORD, for appellant.

JOHN G. HENDERSON, for appellees.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Appellant filed a creditor's bill in the circuit court of Cook county against William H. Thomas, who is the judgment debtor, and other appellees. The cause was referred to the master in chancery to take proof and report conclusions of law and fact. Objections to the master's report were filed with the master, which were by him overruled. No exceptions to his report were filed in court, and on the hearing the court confirmed the master's report and dismissed the bill at the cost of complainant. On appeal the Appellate Court affirmed the judgment of the circuit court on the ground that, there being no exceptions taken thereto before the chancellor, all questions of fact in controversy were conclusively settled by the findings of the master. From the action of the Appellate Court this further appeal is prosecuted.

In the case of *Jewell* v. *Rock River Paper Co.* 101 Ill. 57, this court said (p. 68): "It is well settled that where mat-

ters of fact are referred to a master for his determination, it is the duty of the parties, when notified, as was done here, to appear before him and there contest the matter, and if his findings are not, in their judgment, supported by the evidence, it is their duty to interpose their objections, so as to afford the master an opportunity to modify his report if it should happen to be wrong, and if in such case, after hearing the objections, the master declines to modify or change his report, it is the duty of the objecting parties, after it has been filed in court, to appear there and file exceptions to it; and when this course has not been pursued, and no sufficient reason is assigned for not doing so, as was the case here, the report of the master, when approved by the court, will be deemed in this court conclusive upon the questions covered by it." *Hurd* v. *Goodrich*, 59 Ill. 450; *Pennell* v. *Lamar Ins. Co.* 73 id. 303; *McClay* v. *Norris*, 4 Gilm. 370; *Singer, Nimick & Co.* v. *Steele*, 125 Ill. 426; *Cheltenham Improvement Co.* v. *Whitehead*, 128 id. 279; *Ennesser* v. *Hudek*, 169 id. 494.

This rule of practice is so firmly established in this State that it cannot now be seriously questioned. The case of *Strang* v. *Allen*, 44 Ill. 429, cited by counsel for appellant as holding that no exceptions to the report of the master need be filed before the court, is not an authority to the contrary. There it was expressly held that because of the master's failure to give proper notice of the hearing before him, the parties were excused from filing objections, and, of course, from filing exceptions before the court. No such excuse for failing to comply with the well understood rule of practice as above shown is offered here.

The record and decision of the Appellate Court are fully sustained by our decisions, and its judgment will accordingly be affirmed.        *Judgment affirmed.*