(No. 14064.—Decree affirmed.)

H. H. TROUP *et al.* Exrs. Appellees, *vs.* W. R. HUNTER *et al.*—(THE YOUNG WOMEN'S CHRISTIAN ASSOCIATION, Appellant.)

*Opinion filed October 22, 1921—Rehearing denied Dec. 13, 1921.*

1. PLEADING—*special replications in chancery are no longer used.* Amendments to the bill have been substituted in the place of special replications in chancery, and if the circumstances of the case are changed by the answer an amendment of the bill becomes necessary in order to meet the situation.

2. SAME—*when Statute of Frauds must be set up in bill.* The Statute of Frauds must be specially pleaded, and if a complainant desires to avail himself of the statute he must set it up in his bill or by an amendment to his bill or he will be deemed to have waived and renounced the advantage to be derived from its provisions.

3. REAL PROPERTY—*when disposition of land must be in conformity with the Statute of Wills.* A disposition of real property which is not to take effect in the grantor's lifetime is not operative unless it be declared in writing in strict conformity with the statutory enactments regulating the making of wills.

4. DEEDS—*delivery is a question of intent.* The delivery of a deed is a question of intent, and the mere placing of the deed in the hands of the grantee does not necessarily constitute delivery.

5. SAME—*deed must take effect upon delivery.* A deed must take effect upon its execution and delivery or not at all, and the delivery must be unconditional unless in escrow.

6. SAME—*deed delivered to grantee is not an escrow.* There cannot be a delivery of a deed to the grantee as an escrow.

7. SAME—*when deed is void because not delivered with intention of giving title to the grantee.* A deed delivered by a grantor to her attorney as grantee, with the understanding that he shall convey the property to whatever charitable institution he may select provided the executors of the grantor's will do not, in his judgment, properly carry out its provisions in regard to certain devises to charity, is void and the grantee takes no title that he can convey.

APPEAL from the Circuit Court of Kankakee county; the Hon. ARTHUR W. DESELM, Judge, presiding.

WERNER W. SCHROEDER, for appellant.

J. BERT. MILLER, and WALTER C. SCHNEIDER, for appellees.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Madeline E. Huling died testate June 30, 1914. By her will she bequeathed to various charitable institutions sums aggregating $120,000, and directed the executors and trustees named in her will to form a charitable corporation to be known as the Madeline E. Huling Home for Poor and Aged Worthy Persons, and to pay over to said corporation the residue of her estate, to be used by the corporation for the maintenance of a charitable institution to be located at Kankakee. The will further provided that if for any reason the scheme could not be carried out practicably, the executors and trustees should select some other suitable charitable institution already in existence and pay the money over to it. Appellees, H. H. Troup and Walter C. Schneider, with W. I. Holcomb, now deceased, qualified as executors and trustees. The will was dated December 9, 1913, and there was a codicil attached, dated June 4, 1914. W. R. Hunter, an attorney of Kankakee, who had been attorney and confidential agent for testatrix since the death of her husband, in 1902, prepared the will and codicil and for several years after her death represented the executors and trustees. September 20, 1919, Hunter recorded a warranty deed dated December 9, 1908, and signed by testatrix, conveying to himself testatrix's homestead, and a quit-claim deed dated September 19, 1919, conveying the property from Hunter to appellant, the Young Women's Christian Association. On April 19, 1920, appellees filed in the circuit court of Kankakee county their bill, asking, among other things, that these deeds be declared void and that title to the homestead be

confirmed in appellees. Appellant answered, claiming that the deed was delivered to Hunter under an oral agreement to convey the property to some charitable institution to be selected by Hunter. Appellees filed a special replication, in which they alleged that the trust agreement was not in writing and was void because of the provisions of section 9 of the Statute of Frauds. The cause was heard in open court by the chancellor and a 30-page decree entered, finding, among many other matters immaterial and foreign to the issues, that the deed to Hunter was void because of the provisions of section 9 of the Statute of Frauds. From that decree this appeal is prosecuted.

Special replications in chancery are no longer used. *(Tarleton* v. *Vietes,* 1 Gilm. 470; *White* v. *Morrison,* 11 Ill. 361; *Kane* v. *Hudson,* 273 id. 350.) Amendments to the bill have been substituted in the place of special replications. What the complainant could formerly insist on in a special replication he may now do in an amendment to his bill. If the circumstances of the case are changed by the answer an amendment of the bill becomes necessary in order to meet the situation. The complainant can in this way answer or explain any new matter disclosed by the answer. Appellees argue at great length, and the chancellor found, that the agreement set up in the answer is void because of the Statute of Frauds. The question was not before the chancellor and is not before us. It is a settled principle in equity that a party to avail himself of the benefit of the Statute of Frauds must specially plead it. If he fails to set it up in his bill he will be deemed to have waived and renounced the advantage to be derived from its provisions. A party must stand or fall by the case made by his bill. *(Schmitt* v. *Weber,* 239 Ill. 377; *Chicago, Peoria and St. Louis Railway Co.* v. *Jacksonville Railway Co.* 245 id. 155.) It does not follow, however, that the decree must be reversed on account of the mistaken opinion of the chancellor. If the decree is right it must be sustained.

W. R. Hunter testified that the deed in question was first delivered to him in 1908 as security for $5000 owed to him by testatrix. In 1913 he surrendered the deed to her and she settled her account with him by giving a promissory note. A month or two before her death she delivered the deed to Hunter, with instructions to deed the property to some charitable institution that he might select if her will was set aside or if her trustees did not administer her estate, in the judgment of Hunter, in accordance with her expressed wishes. He took the deed to his office and locked it in his safe. Early in September, 1919, he went to the court house and checked over the reports of the executors and trustees. The will provided that these executors were to receive $2000 each for their services, and Hunter found that appellees had drawn more than $1000 each in addition to the amount allowed them under the will. He also found that they had sold some of the property for less than he thought it was worth and that they had otherwise improperly administered the estate. He accordingly determined that the time had come for him to exercise the authority given him by testatrix, and he placed the deed on record and conveyed the property to appellant, as hereinbefore stated. He selected appellant because testatrix had in former wills made substantial bequests to the Young Women's Christian Association. When her last will was drawn there was no such institution in Kankakee, and that probably accounts for her omitting the association from the terms of that will.

The deed made by testatrix to Hunter was absolute in form, and if she handed it to him after its execution with the intention of immediately vesting the title to said premises and he accepted the deed, testatrix did not die seized of an estate of inheritance in the real estate in question. It is clear from the testimony of Hunter that this was not the intention of testatrix. She had devised this property to the executors named in her will and expected title to pass to them by the will if it was not set aside. In order to prevent

this homestead from getting into the hands of relatives whom she disliked and from being diverted by her executors to purposes other than those mentioned in her will, she sought to place this property in the hands of Hunter in trust for certain purposes. It was not her intention to vest title in him during her lifetime, because it could not be determined during her lifetime whether her will was to stand or her executors were to properly administer her estate. The law is well settled that if the intended disposition of property is of a testamentary character and is not to take effect in the testator's lifetime, such disposition is not operative unless it be declared in writing in strict conformity with the statutory enactments regulating the making of wills. (*Oswald* v. *Caldwell,* 225 Ill. 224.) The delivery of a deed is a question of intent. (*Benner* v. *Bailey,* 234 Ill. 79.) The mere placing of the deed in the hands of the grantee does not, of itself, necessarily constitute a delivery. In such case the inquiry is, What was the intention of the parties at the time?—and that intention, when ascertained, must govern. (*Wilson* v. *Wilson,* 158 Ill. 567.) A deed must take effect upon its execution and delivery or not at all. The delivery must be unconditional unless in escrow. This deed was not delivered in escrow, for the reason that there cannot be a delivery to the grantee as an escrow. (*Baker* v. *Baker,* 159 Ill. 394; *Russell* v. *Mitchell,* 223 id. 438.) It is clear from the testimony of Hunter that this instrument in form a deed was not delivered by the grantor, and it is therefore void. Appellant took no title by the quit-claim deed from Hunter, and so both instruments must be canceled and the title to the real estate confirmed in appellees.

The decree is affirmed.

*Decree affirmed.*