### Andrew Johnson, Appellant, v. Joseph A. Voudrie et al., Appellees.

1. JUDGMENTS—*decree must follow case made by bill.* A complainant must recover on the case made by his bill, he not being permitted to state one case in the bill and make out a different one in the proofs, and a decree cannot be given to complainant upon other grounds disclosed by the proofs unless the court permits him to amend his bill so as to present the case disclosed by the evidence.

2. FORECLOSURE OF MORTGAGES—*when decree of foreclosure not supported by proof of execution of mortgage in suit.* Where a bill to foreclose a mortgage was framed and the relief sought on the theory that defendants executed the purported note and mortgage and the evidence conclusively showed that they did not sign them, complainant was not entitled to a decree on the theory that, though defendants did not execute the mortgage, they acknowledged it and received the benefits thereof.

3. FORECLOSURE OF MORTGAGES—*insufficiency of evidence of acknowledgment of mortgage in suit by purported mortgagors.* In a suit to foreclose a mortgage, held that the fact that defendants did not acknowledge such mortgage was established by proof beyond a reasonable doubt.

4. ACKNOWLEDGMENTS—*contradictory proof beyond reasonable doubt sufficient to impeach certificate of acknowledgment.* Proof beyond a reasonable doubt that persons who are purported to have

acknowledged an instrument did not do so, is sufficient to overcome the certificate of the notary.

5. REFERENCE—*conclusiveness of findings of fact by master where not excepted to.* Where the finding of the master that the signatures to a note and mortgage were forgeries was not excepted to it is conclusive on that issue.

6. FORECLOSURE OF MORTGAGES—*insufficiency of evidence that defendants received benefits of forged note and mortgage.* In a suit to foreclose a mortgage where it was established that the note and mortgage were forgeries, held that the evidence fails to establish that, notwithstanding such forgeries, defendants received the benefit of a loan made thereon.

7. FORECLOSURE OF MORTGAGES—*insufficiency of evidence that purported mortgagors authorized mortgagee to sign their names to note and mortgage.* In foreclosure proceedings, held that the evidence wholly failed to show that the defendants ever authorized anyone to sign their names to the note and mortgage.

8. FORECLOSURE OF MORTGAGES—*insufficiency of evidence of ratification of unauthorized mortgage by purported mortgagors.* In foreclosure proceedings where the note and mortgage were shown to be forgeries, held that, even if the bill had been framed on the theory of ratification by defendants, the evidence was not sufficient to warrant a finding in favor of plaintiff on that ground.

Appeal by plaintiff from the Circuit Court of St. Clair county; the Hon. GEORGE A. CROW, Judge, presiding. Heard in this court at the March term, 1924. Affirmed. Opinion filed July 7, 1924.

CLYDE D. MILLER, for appellant.

MAURICE V. JOYCE and LOUIS P. ZERWECK, for appellees.

MR. JUSTICE BOGGS delivered the opinion of the court.

A bill for foreclosure was filed by appellant in the Circuit Court of St. Clair county, setting forth that on November 12, 1918, appellees Joseph A. Voudrie and Laura Voudrie, his wife, executed and delivered to Henry T. Renshaw, trustee, their promissory note for $1,700.00, and to secure the same, executed on the same date a mortgage on a certain parcel of land, therein described; that thereafter Renshaw assigned

said note and mortgage to appellee Frank W. Puderer, who later assigned the same to appellant, for a valuable consideration. The Voudries answered said bill, denying the execution of said note and mortgage, and charging that the same were forgeries.

A replication being filed to said answer, the cause was referred to the master to take the evidence and to report the same, with his conclusions of law and fact thereon. The master in his report recommended a decree of foreclosure as prayed. Exceptions were filed to the master's report by the appellees, and, upon a hearing thereon, a decree was entered dismissing said bill for want of equity. To reverse said decree, appellant prosecutes this appeal.

Appellant charges in his bill that appellees Joseph A. and Laura Voudrie executed the note and mortgage in question, and delivered the same to the said Henry T. Renshaw. This averment was specifically denied in the answer filed by said appellees. The master, on this issue, found that the said Joseph A. and Laura Voudrie did not sign said note and mortgage, and that the signatures thereto were forgeries. This finding was not excepted to by appellant, and was sustained by the finding of the Chancellor.

Appellant, however, contends that even though appellees Joseph A. and Laura Voudrie may not have signed said note and mortgage, that they acknowledged said mortgage, and received the benefits thereof, and, appellant being a bona fide holder for value, that appellees are estopped to deny the execution of said instruments. The master in his finding adopted appellant's theory as above stated, and recommended a decree of foreclosure as prayed in said bill.

A complainant must recover on the case made by his bill. He is not permitted to state one case in the bill and make out a different one in the proofs. The allegations and the proof must correspond. *McKay*

*v. Bissett et al.,* 5 Gilm. (Ill.) 499; *Walker v. Ray,* 111 Ill. 315-321; *Reed et al. v. Reed,* 135 Ill. 482, 485; *Dorn v. Geuder,* 171 Ill. 362.

The law further is that a ''decree cannot give relief that facts disclosed by the evidence would warrant where there are no averments in the bill to which the evidence can apply, and that if the evidence disproves the case made by the bill the complainant cannot be given a decree upon other grounds disclosed by the proofs, unless the court permits the complainant to amend his bill so as to present the case disclosed by the evidence.'' *Lang v. Metzger,* 206 Ill. 475-488. To the same effect is *Schmitt v. Weber,* 239 Ill. 377-388.

The bill in this case is framed on the theory that appellees Joseph A. and Laura Voudrie executed the purported note and mortgage, and the relief sought is based thereon.

The evidence, in our judgment, conclusively discloses that these parties did not sign said note and mortgage. They each specifically testified that they did not so sign the same. Henry T. Renshaw, the party to whom said note and mortgage purport to have been given, also testified that they did not sign the same. All of the witnesses who testified in reference thereto, testified that the signatures in question were not the signatures of Joseph A. and Laura Voudrie. Appellant practically concedes that the evidence discloses that said signatures were not the signatures of Joseph A. and Laura Voudrie. The proof, therefore, did not support the averments of the bill.

Aside, however, from the question of the variance between the allegations of the bill and the proofs, we are of the opinion that the evidence fails to prove that appellees acknowledged said mortgage and received the benefits thereof, as contended for by appellant.

William Schrader, the notary who purported to have taken said acknowledgment, testified that Renshaw, introduced said parties to him, and that they

acknowledged that they signed said mortgage. On the other hand, Mr. and Mrs. Voudrie both testified that they did not acknowledge said mortgage. Renshaw, whom the evidence discloses became insolvent after the date of said purported note and mortgage, and at the time of the taking of the evidence before the master was confined in the penitentiary, testified that he never introduced Mr. and Mrs. Voudrie to the notary; that he himself took the mortgage to the notary and procured his certificate thereto. This testimony, together with the fact that the note and mortgage were forgeries, we think proves beyond a reasonable doubt that said parties never acknowledged said mortgage. Proof of this character is sufficient to overcome the certificate of the notary. *Post v. First National Bank of Springfield*, 138 Ill. 559; *Lewis v. McGrath*, 191 Ill. 409; *Herpich v. Williams*, 300 Ill. 540-547.

It should also be borne in mind that the master found that said signatures were forgeries. This finding was not excepted to, and it is therefore conclusive as to that issue. *Hurd v. Goodrich*, 59 Ill. 450; *Pennell v. Lamar Ins. Co.*, 73 Ill. 303; *McClay v. Norris*, 4 Gilm. (Ill.) 370; *Singer, Nimick & Co. v. Steele*, 125 Ill. 426; *Cheltenham Improvement Co. v. Whitehead*, 128 Ill. 279; *Ennesser v. Hudek*, 169 Ill. 494; *Marble v. Thomas*, 178 Ill. 540-541; *Udstuen v. Illk*, 291 Ill. 443-448.

On the issue sought to be raised as to whether appellees Joseph A. Voudrie and Laura Voudrie received the benefits of said purported mortgage, the record discloses that Vivian Voudrie, the daughter of Joseph A. and Laura Voudrie, had been promised by her parents that they would convey to her certain premises, being a part of the premises covered by the purported mortgage in question, and that she applied to Renshaw for a loan, to be secured by a mortgage thereon. The deed, for some reason, was not exe-

cuted to the said Vivian Voudrie, and no mortgage was given by her to Renshaw. The evidence, however, tends to show that Renshaw loaned Vivian Voudrie the funds with which to erect said building, on her personal note, and that a large part of the principal thereof had been repaid by her to Renshaw, prior to the filing of said bill. Even though the bill were framed on a theory which would make said evidence admissible, it would not be sufficient to warrant a decree of foreclosure in this case.

It was further contended by appellant that Joseph A. and Laura Voudrie had signed a mortgage in blank and delivered it to Renshaw, and that by so doing they empowered him to fill in the same, and that they would be bound thereby. The only evidence in the record with reference to this transaction is the testimony of Renshaw. He testified that said parties did sign a mortgage in blank, but that by reason of some misdescription in the premises or otherwise, he did not use the same. He did not claim, however, that said parties had authorized him to sign their names to the note and mortgage here in question. In fact, no one testified that appellees Joseph A. and Laura Voudrie had ever authorized anyone to sign their names thereto, but they expressly testified that they did not do so. The evidence therefore wholly fails to sustain appellant's contention in this regard.

Appellant further insists that the Voudries ratified the note and mortgage in question. There is some testimony in the record to the effect that, after the insolvency of Renshaw, appellant applied to the Voudries for payment of the interest of said note, and that Joseph A. Voudrie stated that he wanted appellant to be lenient with him. Voudrie himself testified that he told appellant that he did not sign said mortgage, but in effect that he had stated that if appellant could prove that he did, he would want him to be lenient with him. None of the witnesses, however, testified that the Voudries admitted that the signa-

tures to the note and mortgage in question were their signatures, but that in each instance they denied that said signatures were theirs.

The bill is not framed on the theory that appellees had ratified said note and mortgage. Even if it had been so framed, the evidence is not sufficient to warrant a finding in favor of appellant on that ground.

In *Chicago Edison Co. v. Fay*, 164 Ill. 323, the Supreme Court in discussing a question of this character, at page 329, says: "While this court has held that a forged note may be ratified by the principal so as to bind him, (*Livings v. Wiler*, 32 Ill. 387, *Hefner v. Vandolah*, 62 id. 483, and *Hefner v. Dawson*, 63 id. 403,) it has not, to our knowledge, been held in any case that a ratification of a forged instrument can be implied from a doubtful state of facts."

For the reasons above set forth, we are of the opinion and hold that the Chancellor did not err in dismissing said bill for want of equity, and the decree will accordingly be affirmed.

*Decree affirmed.*