---

(No. 16350.—Reversed and remanded.)
W. R. HUNTER, Appellant, *vs.* H. H. TROUP *et al.*
Appellees.

*Opinion filed December 16, 1924—Rehearing denied Feb. 10, 1925.*

1. PRACTICE—*a motion to instruct for defendant questions only sufficiency of plaintiff's evidence—review.* A motion to instruct the jury to find for the defendant raises only the question of the sufficiency of the plaintiff's evidence or whether there is any evidence, considered in its most favorable aspect, fairly tending to prove the declaration, and the Supreme Court, in reviewing the action of the trial court in directing a verdict, cannot weigh the evidence but must consider only that which is favorable to the plaintiff's case.

2. JUDGMENTS AND DECREES—*when former decree and its findings are not shown to be competent evidence.* A former decree and its findings are not competent evidence in a subsequent action at law between the same parties where it is not shown what the issues were in the former case, so that it is impossible to determine that the findings and recitals contained in the decree were material to the issues in that case.

3. SAME—*findings in decree must be material to the issues to be conclusive in subsequent suit.* For a judgment or decree to be conclusive evidence of the fact sought to be established by it, it must appear that the same fact not only was determined in the former suit but that it was in issue and was a material fact therein; and even though a decree in express terms professes to find a particular fact, if such fact was immaterial and the controversy did not turn upon it, the decree will not conclude the parties with reference to that fact.

4. ATTORNEYS AT LAW—*when attorney makes prima facie case for fee.* An attorney suing for his attorney's fee in connection with the settlement of an estate makes a *prima facie* case where he introduces evidence that the executors nominated in the will came to him and retained him in the matter of the estate, that he prepared the petition for probate of the will and rendered professional services to the executors in and about the matter of the estate for a certain period of time, and where practicing attorneys testify as to the value of such services.

5. SAME—*canons of ethics of bar association are not binding as legislative acts.* The American Bar Association is not a legislative tribunal and its canons of ethics are not of binding obligation and are not enforced as such by the courts, but they constitute a safe guide for professional conduct in the cases to which they apply, and an attorney may be disciplined by the Supreme Court for not observing them.

6. SAME—*attorney must disclose any adverse retainer.* It is the duty of an attorney to disclose to his prospective client every adverse retainer and every prior retainer which may affect the client's discretion, and if the attorney remains silent the client may presume that he has no engagements which interfere in any degree with his exclusive devotion to the cause confided to him and that he has no interest which may betray his judgment or endanger his fidelity.

7. SAME—*when attorney is not barred from compensation for failure to disclose facts to client.* An attorney who discloses to a prospective client all facts which he honestly conceives to be material to his employment but fails to disclose some fact which may be deemed by the court material to such employment is not barred from receiving any compensation for his services, where such concealment is not fraudulent and where the services during the time of the employment are rendered with exclusive devotion to the cause confided to him and to no other interest.

8. SAME—*when concealment of deed does not deprive attorney of fee for settling estate.* An attorney employed by executors to settle an estate, who has to the knowledge of such executors been the confidential adviser and attorney of the testatrix, is not barred

from receiving compensation for services rendered in settling the estate by reason of the fact, alone, that he concealed from such executors the existence of a deed which the testatrix had given him as a trust, to be recorded so as to insure the disposition of her estate to a charity, as provided in her will, in the event of the defeat of the will or any of its provisions.

DUNCAN, C. J., and THOMPSON, J., dissenting.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Kankakee county; the Hon. ARTHUR W. DESELM, Judge, presiding.

GREEN & PALMER, and W. H. DYER, (HENRY I. GREEN, and ORIS BARTH, of counsel,) for appellant.

MILLER & STREETER, for appellees.

WALTER C. SCHNEIDER, *pro se.*

Mr. JUSTICE HEARD delivered the opinion of the court:

At the May, 1920, term of the circuit court of Kankakee county appellant brought suit in assumpsit against appellees. Appellees filed to appellant's declaration a plea of the general issue, with notice of special matters of defense. A jury trial was had, resulting in a directed verdict for appellees, and a judgment thereon in favor of appellees and against appellant in bar of the action and for costs. An appeal was taken to the Appellate Court for the Second District, where the judgment of the circuit court was affirmed, a certificate of importance granted, and an appeal, which has been perfected, allowed to this court.

Appellant's declaration consisted of the common counts and a special count alleging his employment as an attorney at law by appellees to render professional services for them in and about the business of the estate of Madeline E. Huling, deceased, of which appellees and W. I. Holcomb, now deceased, were executors, an acceptance of the employment, and the rendition of services to them, as such attor-

ney, until May 1, 1917. The specified special matters of
defense relied úpon by appellees, so far as they pertain to
the question here involved, were, that at the time appellees
employed appellant, and during the period when he ren-
dered the services sued for, appellant was not free and able
to represent appellees solely and without prejudice, because
at and during said time he secretly claimed to have title to
and rights and interests in the homestead premises belong-
ing to the estate of Mrs. Huling, which alleged title, rights
and interests were adverse to and conflicted with the title,
rights, interests and duties of appellees, and that neither of
appellees at the time of the employment of appellant, nor
at any time during the period services were rendered by
him, had any knowledge of such claim, and that appellant
falsely and fraudulently concealed from appellees the fact
that he had or claimed such interest in said real estate, and
that appellees had no knowledge of such claim until Sep-
tember 20, 1919, when appellant recorded an alleged deed
dated December 9, 1908, by which Mrs. Huling purported
to convey to him the said homestead premises, and that
during all of said period when the services were rendered
appellant led appellees to believe that the premises were
owned by Mrs. Huling at the time of her decease, and
were part and parcel of the estate owned by her at the
time of her death and passed to appellees by virtue of her
will, and' led and caused them to treat said real estate as
such, to the injury of said estate.

A motion to instruct the jury to find for the defend-
ant is in the nature of a demurrer to the evidence, and the
rule is that the evidence so demurred to, in its aspect most
favorable to the plaintiff, together with all reasonable infer-
ences arising therefrom, must be taken most strongly in
favor of the plaintiff. The evidence is not weighed, and
all contradictory evidence or explanatory circumstances
must be rejected. The question presented on such motion
is whether there is any evidence fairly tending to prove

the plaintiff's declaration. In reviewing the action of the court of which complaint is made we do not weigh the evidence,—we can look only at that which is favorable to appellant. *Yess* v. *Yess,* 255 Ill. 414; *McCune* v. *Reynolds,* 288 id. 188; *Lloyd* v. *Rush,* 273 id. 489.

Appellant testified that Madeline E. Huling died testate June 30, 1914; that on July 1, 1914, appellees, who knew that they had been nominated as executors by her last will and testament, with W. I. Holcomb, came to appellant's office and retained him, he being an attorney licensed by the Supreme Court of this State, to act as their attorney in the matter of her estate; that thereafter appellant prepared the petition for probate of the will and rendered professional services to the executors in and about the matter of the estate from July 1, 1914, to April 19, 1917. Five attorneys practicing in Kankakee placed the value of appellant's services at from $4000 to $5000. This evidence made out a *prima facie* case for appellant.

The only other evidence in the case was a decree entered in the circuit court of Kankakee county at the January term, 1921, in the case of H. H. Troup and Walter C. Schneider, executors of and trustees under the last will of Madeline E. Huling, against W. R. Hunter, Anna M. Kerr, Zula F. Hunter and the Young Women's Christian Association of Kankakee, Illinois, which is said by both parties to be the decree which was under consideration by this court in *Troup* v. *Hunter,* 300 Ill. 110. This decree and the findings and recitals contained therein have been treated by both parties upon this appeal as competent evidence and as evidence proper to be considered by this court on this appeal. What the issues were in the former case is not disclosed by the evidence in this case, and we have no means of ascertaining, so far as the evidence in this case is concerned, whether or not the findings and recitals contained in the decree were material to the issues in that case. In order that a judgment may be conclusive evidence of the

fact sought to be established by it, it must appear that the same fact not only was in issue and determined in the former suit but that it was a material fact therein. A finding of facts not necessary to uphold a former judgment does not conclude the parties. Even though a decree in express terms professes to find a particular fact, yet if such fact was immaterial and the controversy did not turn upon it, the decree will not conclude the parties in reference to that fact. (15 R. C. L. 980.)

Upon the hearing of a motion for a directed verdict the court can only consider competent evidence, and the competency of the record in question not having been shown by the evidence in this case, we could properly reverse the judgment of the Appellate Court without considering any of the other questions discussed by the parties on this appeal, but as the case must be remanded for a new trial and some of the same questions·may again arise, we have deemed it proper to discuss them.

Assuming, as has been done by both parties, that the judgment in question and the findings of fact and recitals therein contained were competent evidence, and also assuming that the same could be considered by the circuit court upon the motion to instruct the jury to find for the defendant and by this court upon appeal, the question arises whether or not, applying the rules above stated with reference to motions of this character, the court erred in directing the jury to find the issues for appellees. Applying those rules to the evidence in this case, including the decree above mentioned, the evidence shows that for many years prior to the death of Madeline E. Huling appellant had been her confidential legal adviser; that he performed legal services and advanced moneys for her to the amount of $5000; that she did not desire to pay cash for the same, and in lieu thereof in 1908 she executed to appellant a deed for the homestead premises, reserving to herself a life estate therein, as security for her indebtedness; that this deed

was kept by appellant until 1913, when he returned it to her and received from her in its stead her note for $5000, payable to appellant at the death of Mrs. Huling; that some time before Mrs. Huling's death she gave this deed back to appellant, telling him that she wanted to do all she could to prevent her brother and sister, who were her only heirs, from getting the property; that she told him that he should take the deed and if the will was set aside he should put the deed upon record and then deed the property to some charitable institution that would fight them to a finish; that she told appellant that in case the will was sustained he should keep the deed and "watch things, and if my estate is administered and goes according to my wishes you can destroy it or give it to the trustees, but if in your judgment things are not going as would suit me if I knew it, then I want you to do with it just as you think I would do if I were here;" that appellant then put the deed in his safe, where it remained until after Mrs. Huling's death; that prior to her death she gave to appellant the sum of $2000, to be used by him in sustaining her will and seeing that its provisions were carried out; that at the time of his employment by appellees they knew that he had been acting as the confidential legal adviser and attorney in fact of Mrs. Huling; that at the time of his employment by appellees he informed them with reference to the secret $2000 fund and with reference to other preparations which had been made at his suggestion for the purpose of furnishing evidence in favor of the validity of the will in case of a will contest; that he did not at that time inform them that he had the deed in question in his possession; that he did not at that time intend to use the deed if the will were probated and its provisions carried out; that he did not then, or at any time during his employment by appellees, claim to have any personal interest in the deed or in the premises described therein, but, on the contrary, it was his intention that the premises described in such deed should be admin-

istered as a part of the estate of the deceased; that this intention on the part of appellant is evidenced by the facts that he took part in the preparation of the inventory of the estate, in which the premises described in the deed were listed as belonging to the estate, by assisting in the preparation of an order entered in the county court on October 10, 1914, in which the title and possession of the homestead property were found to be held by the executors and trustees, by assisting in the preparation of a petition filed by the executors in the county court asking leave to rent the homestead and assisting in the preparation of an order authorizing them to rent the same, by assisting in attempts by the executors to sell the premises, including the preparation by appellant of the copy for an advertisement in the newspaper in which the premises were offered for sale by the executors; that during the period of his employment he at no time made any claim to the premises or evinced any intention of so doing; that his employment ended in 1917; that in 1919 he examined the proceedings in the estate and found that the executors had been paid $2000 for their services, as provided for by the will, and that they had paid out $1300 or $1400 for their bonds, and in addition thereto each had drawn out $1000 additional for their services; that he contended that the executors had sold certain real estate for less than it was worth, and he thereupon determined that there was not enough money going to be left to carry out the provisions of the will and erect an old peoples home, and that there was no attempt, as far as he could discover, to close up the estate; that by her will Mrs. Huling bequeathed to various charitable institutions sums aggregating $120,000, and directed the executors and trustees named in her will to form a charitable corporation to be known as the "Madeline E. Huling Home for Poor, Aged, Worthy Persons," and to pay over to said corporation the residue of her estate, to be used by the corporation for the maintenance of a charitable institution to be located

at Kankakee; that the will further provided that if for any reason the scheme could not be carried out practicably, the executors and trustees should select some other charitable institution already in existence and pay the money over to it; that on September 20, 1919, such corporation had not been formed and the executors and trustees did not have sufficient money and property for the maintenance of such home; that on September 20, 1919, Hunter recorded the warranty deed dated December 9, 1908, signed by the testatrix, conveying to himself the homestead, and simultaneously filed for record a quit-claim deed dated September 19, 1919, conveying the property from him to the Young Women's Christian Association of Kankakee,—a charitable organization which was then occupying the premises.

The deeds from Mrs. Huling to appellant and from appellant to the Young Women's Christian Association were held invalid, (*Troup* v. *Hunter, supra,*) for the reason that there had not been an unconditional delivery of the deed from Mrs. Huling to appellant. During the time of his employment by appellees the evidence shows he rendered professional services of very great value, and that during that time he did nothing inimical to their interests.

It is contended by appellees that by reason of appellant's failure to disclose to them at the time of his employment that he had the deed in question and had been charged by the deceased with a secret trust he is barred from receiving compensation for his services. Appellant was not employed by appellees to look out for their private interests by the contract of employment of July 1, 1914, but was employed as attorney to act in the matter of the probating of the will and as attorney for the estate, although at a later date, when a tramp dog which had been housed by the caretaker bit a passerby and claim was made against appellees for damages by reason thereof, the evidence shows that they applied to him for legal services under circumstances which rendered them liable to him for compensation regardless of

any concealment with reference to the deed. Section 6 of the Canon of Ethics of the American Bar Association provides: "It is the duty of a lawyer, at the time of retainer, to disclose to the client all the circumstances of his relations to the parties and any interest in or connection with the controversy which might influence the client in the selection of counsel. It is unprofessional to represent conflicting interests except by express consent of all concerned, given after a full disclosure of the facts. Within the meaning of this canon a lawyer represents conflicting interests when in behalf of one client it is his duty to contend for that which duty to another client requires him to oppose. The obligation to represent the client with undivided fidelity and not to divulge his secrets or confidences forbids also the subsequent acceptance of retainers or employment from others in matters adversely affecting any interest of the client with respect to which confidence has been reposed."

The American Bar Association is not a legislative tribunal, and its canons of ethics are not of binding obligation and are not enforced as such by the courts, although they constitute a safe guide for professional conduct in the cases to which they apply, and an attorney may be disciplined by this court for not observing them. (*Ringen* v. *Ranes*, 263 Ill. 11.) It is undoubtedly the duty of an attorney to disclose to his prospective client every adverse retainer and every prior retainer which may affect the discretion of the latter. When a client employs an attorney he has a right to presume, if the latter be silent on the point, that he has no engagements which interfere in any degree with his exclusive devotion to the cause confided to him and that he has no interest which may betray his judgment or endanger his fidelity, and it is his duty to disclose to the prospective client all those matters which he conceives may have an influence upon his employment; but this does not mean that where an attorney discloses all such facts which he honestly conceives to be material to his employment and fails to disclose

some fact which by the court may be deemed material to such employment, and such concealment is not fraudulent, by reason of such concealment he is barred from receiving any compensation for his services, where the services rendered during the time of his employment are rendered with exclusive devotion to the cause confided to him and to no other interest. In the present case appellant at the time of his employment was in possession of an invalid deed. There is no evidence in the case that at that time, and during the entire continuance of his employment, he did not consider it invalid. His supposed interest as trustee under this invalid deed was not an interest which did interfere in any degree with his exclusive devotion to the cause confided to him by appellees, which was to see that the will was probated, its provisions carried out and the remainder of the estate devoted to the Madeline E. Huling Home for Poor, Aged, Worthy Persons, and that if the provisions with reference to the home were not carried out, then the remainder of the estate should be devoted to some other worthy charity. He had a right to presume that that was the only interest appellees had in the employment and that his interest and the interest of appellees coincided.

On the evidence in this case, construed, as it must be, most favorably to appellant, we cannot hold, as a matter of law, that by reason of his concealment with reference to the invalid deed and the secret trust with reference thereto he is barred from receiving any compensation for the professional services shown by the evidence.

The judgment will be reversed and the cause remanded to the circuit court of Kankakee county.

*Reversed and remanded.*

DUNCAN, C. J., and THOMPSON, J., dissenting.