ERNA FRANCES WATSON, Plaintiff, *v.* WILLIAM F. WATSON, JR., Defendant.

Supreme Court, Special Term, Bronx County, February 6, 1939.

*Taub & Geller*, for the plaintiff.

*Patrick F. Dempsey*, for the defendant.

McLAUGHLIN, J. The action is for the annulment of the marriage between the parties. The ground alleged is fraud in falsely representing that he was a man of good character. One of the allegations in regard to this claim is that the defendant did not disclose to the plaintiff that on several occasions he had been arrested and had also been convicted of crime and had been returned to prison for a violation of his parole.

It appears that in his defense to one of the crimes for which the defendant was arrested he was represented by the present attorneys for the plaintiff. Thus it is clear that there was the relationship of attorney and client between the defendant and these attorneys upon a cause which is one of the transactions upon which this present action is based. The confidential character of the relationship continues after the discharge of an attorney.

The real basis for the objection to the attorneys' acting at this time for plaintiff is that they are in possession of information which was obtained solely as the result of their former representation of the defendant in connection with his criminal prosecution.

" When an attorney has been employed in a cause, and is afterward discharged by his client, not on the ground of misconduct, the court will not restrain him from acting for the opposite party, unless it clearly and distinctly appears that he has obtained information in his former character which would be prejudicial to the cause of his former client to communicate." (Weeks on Attorneys at Law, § 271, p. 455; Id. § 279, p. 466.)

It has been held that an attorney preparing to assist in a prosecution who had been employed by the defendant in a criminal cause to make his defense, the latter having disclosed to such attorney the facts in the cause and the evidence for his defense, should not be allowed to assist in the prosecution, on the theory that it would be improper to use the information which he had obtained while representing defendant. (Weeks on Attorneys at Law, § 120, p. 220; *Wilson* v. *State*, 16 Ind. 392; *Gaulden* v. *Georgia*, 11 Ga. 47.)

" An attorney is not permitted, in serving a new client as against a former one, to do anything which will injuriously affect the former client in any matter in which the attorney formerly represented him, though the relation of attorney and client between them has been terminated, and the new employment is in a different case; nor can he use against him any knowledge or information gained through their former connection." (1 Thornton on Attorneys at Law, § 177, p. 315.)

In *Hatch* v. *Fogerty* (40 How. Pr. 492, 503) it is stated: " It is fundamental in respect to the duty of an attorney toward his client, that he should not use any information which he has derived from his client, to the prejudice or injury of his client; and especially, that he shall not act in opposition to his client's interests; and the rule is, as laid down in Ferg. J. Prac. 27, that lest any temptation should exist to violate professional confidence, or to make any improper use of information which an attorney has acquired confidentially, as well as upon principles of public policy, ' he will not be permitted to be concerned on one side of proceedings in which he was originally in a different interest.' "

Applying this principle to the facts in the instant case, it would certainly appear that these attorneys should not be permitted to act for the plaintiff at this time since it is definitely asserted that they must have information which they obtained while formerly representing the defendant and which they would now attempt to use against him.

The argument of the plaintiff's attorneys that the general bad character of the defendant was a matter of public record is beside the point. Nor is the indirect denial availing to defeat this motion.

The defendant may be a scoundrel and yet his disclosures to his attorneys are just as safe from use or disclosure by them as if he were the most respected of our citizens.

Defendant in his affidavit states that the firm of attorneys representing his wife in the present action formerly represented the defendant when defendant was indicted by the grand jury of New York county in May of 1938. The affidavit further states that the present plaintiff's attorneys prepared the defendant's case for his defense upon this indictment and that in the course of this relationship of attorney and client the deponent related to said attorneys the past history of his life and had many personal conversations with them. A situation such as is here disclosed goes to the proper conduct of litigation before the court and over which the court has always inherent power. Plaintiff's attorneys would not be allowed to testify upon the trial as to any matters, knowledge of which was acquired by them through the existence of their prior relation with the defendant. " The seal which the law once fixes upon them, remains forever; unless removed by the party himself in whose favor it was there placed." (*Bank of Utica* v. *Mersereau*, 3 Barb. Ch. 528, 596.) The privilege which the law protects directly by the application of the rules of evidence, it will not allow to be subverted by the representation of interests destructive of confidences reposed by a former client where that client is now the adverse party.

In *Bloomingdale Bros.* v. *Hudson* (147 Misc. 759) the majority decision turned on the conclusion that no relation of attorney and client had been previously entered into. In that case it was stated that the Municipal Court of New York City, while having some right to exercise control over attorneys appearing before it, has no power to discipline attorneys for " general misconduct or for violations of the canons of ethics." Such holding was not necessary to the decision rendered and the case is not binding in any way as a precedent on the present application. In other jurisdictions the general rule appears to be that the court has power to restrain an attorney from acting for a party whose interest was adverse to that of a former client. (*Brown* v. *Miller*, 286 Fed. 994; *People* v. *Gerold*, 265 Ill. 448; 107 N. E. 165; *Hunter* v. *Troup*, 315 Ill. 293; 146 N. E. 321; *Kluht* v. *Mitchell*, 199 Iowa, 1163; 199 N. W. 294; *Hovel* v. *Minneapolis & St. L. R. R. Co.*, 165 Minn. 449; 206 N. W. 710; *Matter of Wilmarth*, 42 S. D. 76; 172 N. W. 921.) In *Lalance & Grosjean Mfg. Co.* v. *Haberman Mfg. Co.* (93 Fed. 197), however, the court, in a situation similar to the present one, denied the application for an order to compel the attorneys to withdraw and left the question to the decision of

the attorneys themselves " in scrupulous conformity to their professional obligations." In the same case appears the following: " It is thought that the honorable obligation of a reputable member of the bar is a better assurance that professional secrets will be respected than would be an order of the court." This court is of opinion, nevertheless, that the prevailing concept of the courts of the other jurisdictions upon this question is the one to be here adopted. It would be unjust to the bar as a whole and to the litigants appearing before our courts to place advocates in a position where, even unconsciously, they might take, in the interests of a new client, an advantage derived or traceable to, confidences reposed under the cloak of a prior, privileged, relationship.

The motion is granted. Settle order.