CARROLL, Judge.
By the two above styled petitions for certiorari which were consolidated by this court the Republic of Cuba and certain of its agencies, who were the defendants in a law action in the circuit court of Dade County, challenge the correctness of two orders of that court, one denying defendants’ motion to disqualify the attorneys appearing for the plaintiff, and the other being an order denying their renewed motion for the same purpose.
The attorneys, Taylor and Bergstresser, represented Cuba and certain of its agencies in litigation in 1960 and as late as April, 1961. Thereafter, in June of 1961, they commenced this action, as attorneys for the plaintiff, resulting in a default and judgment thereon against the defendants for $1,447,483.10.
Jurisdiction over defendants was gained through acceptance of service of process by one Jaun de Dios Tejada. As evidence *713 of Tejada’s status and authority to accept service, plaintiff’s attorneys filed an affidavit of Sam Benton, employed as an investigator by said attorneys, whose information so given and used in the case sufficiently appears to have been acquired’ in and through his activities as an investigator for Taylor and Bergstresser while they represented Cuba.
There is now pending in the trial court a motion to vacate the judgment. Important to the determination of such motion is the question of whether Tejada was authorized to accept service for the defendants. The defendants contend he was without such authority. The knowledge of the plaintiff’s attorneys, and of their investigator, bearing on this question, obviously gained through their representation of Cuba and its agencies, is information which, under the Canons of Ethics and established law, the attorneys and their employees may not use against the former client.
Canon 6 of the Canons of Ethics Governing Attorneys as adopted by the Supreme Court of Florida (31 F.S.A. 767) states in pertinent part as follows:
“6. Adverse Influences and Conflicting Interests.—
* * # * * *
“The obligation to represent the client with undivided fidelity and not to divulge his secrets or confidences forbids also the subsequent acceptance of retainers or employment from others in matters adversely affecting any interest of the client with respect to which confidence has been reposed.”
Canon 37 (31 F.S.A. 778) provides:
“37. Confidences of a Client. — It is the duty of a lawyer to preserve his client’s confidences. This duty outlasts the lawyer’s employment, and extends as well to his employees; and neither of them should accept employment which involves or may involve the disclosure or itse of these confidences, either for the private advantage of the lawyer or his employees or to the disadvantage of the client, without his knowledge and consent, and even though there are other available sources of such information. A lawyer should not continue employment when he discovers that this obligation prevents the performance of his full duty to his former or to his new client.
“If a lawyer is accused by his client, he is not precluded from disclosing the truth in respect to the accusation. The announced intention of a client to commit a crime is not included within the confidences which he is bound to respect. He may properly make such disclosures as may be necessary to prevent the act or protect those against whom) it is threatened.” [Italics supplied.]
From the holdings on this subject, shown in Annot., 52 A.L.R.2d 1243-1254, 1279-1284, it is made to appear that an attorney is forbidden to do either of two things after severing relationship with a former client. He may not act so as to' injure the former client in any matter in which he formerly represented him, and he may not at any time use against the former client knowledge or information acquired by virtue of the previous relationship. The rule as to disclosure of such information extends to employees of the lawyer, by express provision of Canon 37, and also under Canon 6 which was so construed in Consolidated Theatres, Inc. v. Warner Bros. Circuit Management Corp., 2 Cir. 1954, 216 F.2d 920, 52 A.L.R.2d 1231. The authorities referred to show that a motion for disqualification is an appropriate remedy for infraction of this rule. Such a motion will be granted even when the information which the attorneys are under a duty not to divulge is provable by other means.[1]
*714 In 2 R.C.L., Attorneys at Law, § 52, the rule announced by the authorities, which is applicable here, was condensed thus:
“The fact that an attorney has once acted in a professional capacity for a person does not preclude him from thereafter accepting a retainer to act adversely to his former client in a matter which has no reference to his previous employment, nor is he precluded from acting for another in the same general matter where his employment is not adverse to his former client. The test of inconsistency is not whether the attorney has ever appeared for the party against whom he now propos-tes to appear, but it is whether his accepting the new retainer will require him, in forwarding the interests of his new client, to do anything which will injuriously affect his former client in any matter in which he formerly represented him, and also whether he will be called upon, in his new relation, to use against his former client any knowledge or information acquired through their former connection.”
We do not hold or find that the attorneys Taylor and Bergstresser have been guilty of any intentional wrong, but they are in poor position to insist that they be permitted to continue, in the face of the Canons of Ethics invoked, conduct which on this record appears to be in violation of the lawyer’s duty to his former client.
We hold, thus, that a case was made out for disqualification of the attorneys. Denial of the motion to disqualify was a departure from essential requirements of law. In the situation presented, certi-orari is an appropriate proceeding to review the challenged interlocutory order. See Kilgore v. Bird, 149 Fla. 570, 6 So.2d 541.
' Accordingly, certiorari is granted, the order denying the motion to disqualify plaintiff’s attorneys of record is quashed, and the cause is remanded to the circuit court for further proceedings not inconsistent herewith.
It is so ordered.

. Canon 37. See, United States v. Bishop, 90 F.2d 65, 66 (6th Cir. 1937); T. C. Theatre Corp. v. Warner Bros. Pictures, Inc., 113 F.Supp. 265, 270-271 (S.D.N.Y.1953); *714 Boyd v. Second Judicial District. Court, 51 Nev. 264, 274 P. 7, 8 (1929); Watson v. Watson, 171 Misc. 175, 11 N.Y.S.2d 537, 539 (Sup.Ct.1939).