Dave RICE and Harry Harper, Plaintiffs-Appellants,

v.

RINGSBY TRUCK LINES, and Lawrence Howard Cash, individually and doing business as Ringsby Truck Lines, Defendants-Appellees.

No. 14100.

United States Court of Appeals Seventh Circuit.

Oct. 14, 1963.

Rehearing Denied Nov. 19, 1963.

Kevin D. Kelly, La Salle, Ill., Lester E. Williams, Sidney Z. Karasik, Chicago, Ill., for plaintiffs-appellants.

George W. Angerstein, Chicago, Ill., of counsel.

Oswell G. Treadway, Chicago, Ill., Joseph H. Minshaw, Leonel I. Hatch, Jr., Chicago, Ill., for defendants-appellees.

Before HASTINGS, Chief Judge, and DUFFY and KILEY, Circuit Judges.

DUFFY, Circuit Judge.

This controversy was before us on a previous occasion, 7 Cir., 302 F.2d 550. The District Court had held that although Rice was not a party to an action in the Circuit Court in Rock Island County, Illinois, his negligence was there litigated, and that the instant suit was barred by the "Doctrine of Estoppel by Verdict." We held that Rice was entitled to his day in court. We reversed and remanded the case for trial.

Pursuant to the mandate, a trial was held. The jury found in favor of plaintiff Rice, assessing damages for his personal injuries at $40,000. The jury also awarded $6,000 to plaintiff Harper for damages to his truck.

The trial judge reserved his ruling on defendants' motions for a directed verdict and to dismiss at the close of plaintiffs' evidence. He denied similar motions at the close of all the evidence. Thereafter, the Court entered judgment n. o. v. for the defendants.

On April 18, 1957, Rice was driving a 1956 Diamond T tractor pulling a semitrailer in a westerly direction on Highway 22 in Bureau County, Illinois. The trailer was owned by plaintiff Harper and was being driven from Chicago to Iowa.

At the same time and on the same highway and also proceeding in a westerly direction and ahead of the Harper unit, was a tractor-trailer unit owned by

defendant Ringsby Truck Lines and driven by defendant Cash, its employee.

A collision involving plaintiff Harper's tractor-trailer driven by Rice occurred between 5 and 5:30 a. m. The highway was of concrete construction, the paved surface having a width of eighteen feet and consisting of two lanes of travel. At the time of the collision, the Ringsby unit driven by Cash had stopped at a point just east of a bridge over the Green River. The width of the bridge was twenty-one and a half feet at the inside of the steel beam construction. The bridge was about seventy-five feet in length.

The highway, both east and west of the bridge, was straight and level for a distance of about half a mile. After that point to the west of the bridge there was a slight rise with possibly a fifteen percent incline. At the easterly approach to the bridge there was a shoulder on the north side of the highway. Defendant Cash described the shoulder as soft.

The trailer driven by Rice was loaded at Chicago. When he reached a small town named Walnut, he stopped and met Harry Harper. They had coffee and visited there for some time. Then Rice resumed his trip west. The weather was damp, foggy and getting heavier. A general foggy condition prevailed in the area, but it was heavier near the bridge. Visibility of objects was limited to two hundred feet although a light from a vehicle could be seen somewhat further.

The Ringsby unit had been inspected at the Chicago terminal before it was turned over to Cash and he likewise checked it and found the lighting equipment on the vehicle to be in working order. A few miles east of the Green River bridge he stopped at a railroad crossing for a train to pass. While waiting, he got out of his cab, walked around the unit and checked the lights and tires.

Plaintiff Rice was familiar with the highway where the accident occurred.

He had driven on this highway some fifty times during the previous year.

As the defendant Cash, driving the Ringsby unit, approached the Green River bridge, he observed the lights of another vehicle approaching him from the west. This was a tractor-trailer unit belonging to General Expressways, and was driven by one Moffett. Moffett had observed the lights on the Ringsby unit, and he flashed his lights as a signal that he was closer to the bridge than Cash, and was going to drive across. Cash observed the signal and slowed down in order to let the other unit cross the bridge. Cash came to a stop about five feet from the east end of the bridge.

Plaintiff Rice, driving the Harper unit, was some distance to the rear of the Ringsby unit. He failed to see the lights from the unit driven by Moffett and, in fact, did not see the Ringsby unit or its lights until he was within fifty or seventy-five feet of it. Rice claimed he did not see the brake lights on the Ringsby unit but saw only the reflectors.

Rice was unable to stop his unit short of the Ringsby trailer so he turned his vehicle to his left and into the eastbound lane, colliding with two tractor-trailer units which were being driven in that lane in an easterly direction.

■■ It is fundamental that a trial court should overrule a motion for a judgment notwithstanding the verdict if, upon an examination of the record, there is any evidence which fairly tends to prove the necessary elements of the plaintiff's case. However, it is also the rule that when the evidence is considered in its aspect most favorable to the plaintiff, and there is a total failure to prove any necessary element of the cause, the motion for judgment notwithstanding the verdict should be sustained.

In comments from the bench, the District Judge gave a vivid description of the situation immediately before and at the time of the collision. He said (App. 148): "In this instance, all of the vehicles involved were big, heavy, be-

hemoths—wide, heavy trucks; all of the drivers involved were long experienced truck drivers, and every truck driver involved said he was familiar with the custom and the practice among truck drivers of giving precedence, over narrow bridges under restricted visibility, to the vehicle signalling and being closest to the bridge."

The trial court further stated (App. 149): "When two vehicles, each eight feet wide, are going down a highway about eighteen feet wide, leaving only two or three feet of clearance on all sides, approaching a bridge only just very slightly wider than that, in a dense fog bank, in the utter darkness, it seems to me that prudence would require that they either come down to a very, very slow rate of speed in approaching the bridge under those conditions, or that one or the other yield to the other vehicle going across."

Plaintiff Rice knew or is charged with knowing that other trucks would be operating on that highway in spite of fog conditions. He knew he was approaching the vicinity of the narrow bridge over the Green River. He first testified that his speed was 35 to 40 miles per hour, but later said it was 25 to 30 miles per hour. In any event, we agree with the trial judge who said " * * * it is clear from this evidence that Rice could not have stopped the Harper truck in a much greater distance than that which was available to him here."

It is clear from an examination of the record before us that plaintiffs have failed to adduce any evidence tending to show defendants were guilty of any negligence which was the proximate cause of the collision.

The trial court gave long and careful consideration to the question of contributory negligence. The Court said (App. 145): "I have weighed it very heavily since the trial, trying to find some escape from my own deep conviction that no fair and reasonably minded person could say that this gross, inexcusable negligence of a trained, experienced vehicle driver could be found either not negligence under the circumstances, or that such negligence was not a proximate cause of the injury for which plaintiff seeks recovery."

■■ We hold the granting of judgment n. o. v. for defendants in this case was fully justified on two grounds, first, there was the lack of evidence to show negligence on the part of the driver Cash, and second, because under Illinois law, plaintiffs were guilty of contributory negligence as a matter of law.

Affirmed.

KILEY, Circuit Judge (dissenting).

I dissent.

In deciding whether there is any evidence to entitle plaintiffs to a jury trial in this diversity case governed by Illinois law, this court should consider *only* the evidence favorable to plaintiffs, draw inferences most strongly in their favor and disregard contradictory and contrary evidence. Osborn v. Leuffgen, 381 Ill. 295, 45 N.E.2d 622 (1942), Hunter v. Troup, 315 Ill. 293, 146 N.E. 321 (1924), Kiriluk v. Cohn, 16 Ill.App.2d 385, 148 N.E.2d 607 (1958).

Under this rule the record justifies in plaintiffs' favor the following evidence and inferences: that Rice was driving Harper's truck in the fog at twenty-five miles per hour on a two-lane highway; that he saw no lights ahead of him until, when fifty feet away, he saw, in the glare of his own headlights, the reflector lights on the Ringsby truck whose brake lights were not working and had not warned him the truck had stopped; that he immediately applied his brakes, which prior to the trip had been checked as safe; and that unable to avoid collision he turned into the lefthand lane and collided with two oncoming trucks whose lights he had not seen in the fog.

On this evidence *only*, in my opinion, reasonable men could differ as to whether plaintiffs or Cash were or were not guilty of negligence proximately causing the collision.