**UNITED STATES of America,**
**Appellant,**

*v.*

**Santo TRAFFICANTE, Jr., et al.,**
**Appellees.**

**No. 20474.**

United States Court of Appeals
Fifth Circuit.

Jan. 31, 1964.

Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Atty., Dept. of Justice, John B. Jones, Acting Asst. Atty. Gen., Robert A. Bernstein, Atty., Dept. of Justice, Washington, D. C., Edith House, Asst. U. S. Atty., Miami, Florida., Thomas J. Hanlon, III, Asst. U. S. Atty., Tampa, Fla., David O. aWlter, Attorney, Dept. of Justice, Washington, D. C., Edward F. Boardman, U. S. Atty., for appellant.

Roger L. Davis, Fort Lauderdale, Fla., for appellees.

Before TUTTLE, Chief Judge, JONES, Circuit Judge, and JOHNSON, District Judge.

JONES, Circuit Judge.

During the period between April 20, 1955, and April 20, 1959, Roger L. Davis was employed as an attorney in the office of the Regional Counsel of the Internal Revenue Service at Jacksonville, Florida. While so employed he handled income tax claims for the years 1945, 1946 and 1947 against Santo Trafficante, Jr. and Sam Trafficante. During the employment of Mr. Davis these claims were settled and stipulated decisions were entered in the Tax Court. On January 11, 1962, the United States brought suit against the Messrs. Trafficante above named and others for the foreclosure of liens for federal taxes, including the income taxes for 1945, 1946 and 1947. A liability for wagering taxes, penalties and interest was also asserted. The Government's complaint set forth certain payment credits upon the 1945, 1946 and 1947 income tax assessments and specified balances owing by each of the Messrs. Trafficante. The Government also set forth the details of its claim for wagering taxes of the Messrs. Trafficante and of its tax claims against other defendants.

On January 24, 1962, Roger L. Davis wrote one of the attorneys in the Department of Justice requesting advice as to the propriety of his representing the Messrs. Trafficante in the action then pending. A reply from an Assistant Attorney General advised that "While the statutory provisions regarding conflict of interests probably do not cover this case, it is believed that professional ethics would dictate your not representing the defendant." On January 22, 1962, prior to his inquiry, Davis had been employed to represent the Messrs. Trafficante and the other taxpayer defendants in the pending action. On February 15, 1962, Davis replied to the Department of Justice, saying that he deemed the matter in suit to be entirely unrelated to work performed during his Government employment, and that he had accepted employment.

On March 5, 1962, Davis filed, on behalf of the taxpayer defendants, including the Messrs. Trafficante, an answer in which the correctness of the payment credits and balances on the 1945, 1946 and 1947 income tax liabilities, as pleaded by the United States, was denied. The United States filed a motion seeking the disqualification and removal of Roger L. Davis as attorney in the action on the ground that his participation would be in violation of the Canons of Ethics of the American Bar Association and of the Florida Bar. The motion was denied. From the order denying the motion, the Government has appealed.

Both the Government and the appellees, in their briefs, state the question

presented as being whether 18 U.S.C.A. § 207(a) [1] disqualified Mr. Davis from representing the defendants Trafficante in the pending suit. But, we think, the appeal must be decided on the record. There was no application made to disqualify Mr. Davis by reason of any violation of Section 207(a). The Government's motion, which presented the issue decided by the district court, asserted violations of those provisions of the Code of Ethics of the Florida Bar designated as Canons 6,[2] 36,[3] and 37,[4] 31 F.S.A.

But whether the question be one which involves the Canons of Professional Ethics or Section 207(a), it is our view that the conduct of Mr. Davis constitutes a violation which disqualifies him from the representation which he has undertaken in this case. The test is not, as appellees urge, whether the attorney represented the adverse party, here the United States, with respect to the specific issues in the pending litigation. Prichec v. Tecon Corporation, Fla. App., 139 So.2d 712; 5 Am.Jur. 296–97, 299–300, Attorneys at Law §§ 64, 69.

1. "Whoever, having been an officer or employee of the executive branch of the United States Government, of any independent agency of the United States, or 'of the District of Columbia, including a special Government employee, after his employment has ceased, knowingly acts as agent or attorney for anyone other than the United States in connection with any judicial or other proceeding, application, request for a ruling or other determination, contract, claim, controversy, charge, accusation, arrest, or other particular matter involving a specific party or parties in which the United States is a party or has a direct and substantial interest and in which he participated personally and substantially as an officer or employee, through decision, approval, disapproval, recommendation, the rendering of advice, investigation, or otherwise, while so employed, or

\* \* \* \* \*

"Shall be fined not more than $10,000 or imprisoned for not more than two years, or both \* \* \*."

2. "6. Adverse Influences and Conflicting Interests.—

"It is the duty of a lawyer at the time of retainer to disclose to the client all the circumstances of his relations to the parties, and any interest in or connection with the controversy, which might influence the client in the selection of counsel.

"It is unprofessional to represent conflicting interests, except by express consent of all concerned given after a full disclosure of the facts. Within the meaning of this canon, a lawyer represents conflicting interests when, in behalf of one client, it is his duty to contend for that which duty to another client requires him to oppose.

"The obligation to represent the client with undivided fidelity and not to divulge his secrets or confidences forbids also the subsequent acceptance of retainers or employment from others in matters adversely affecting any interest of the client with respect to which confidence has been reposed."

3. "36. Retirement from Judicial Position or Public Employment.—

"A lawyer should not accept employment as an advocate in any matter upon the merits of which he has previously acted in a judicial capacity.

"A lawyer, having once held public office or having been in the public employ, should not after his retirement accept employment in connection with any matter which he has investigated or passed upon while in such office or employ.

4. "37. Confidence of a Client.—

"It is the duty of a lawyer to preserve his client's confidence. This duty outlasts the lawyer's employment, and extends as well to his employees; and neither of them should accept employment which involves or may involve the disclosure or use of these confidences, either for the private advantage of the lawyer or his employees or to the disadvantage of the client, without his knowledge and consent, and even though there are other available sources of such information. A lawyer should not continue employment when he discovers that this obligation prevents the performance of his full duty to his former or to his new client.

"If a lawyer is accused by his client, he is not precluded from disclosing the truth in respect to the accusation. The announced intention of a client to commit a crime is not included within the confidences which he is bound to respect. He may properly make such disclosures as may be necessary to prevent the act or protect those against whom it is threatened.

**120**

The prohibition of Canon 36 is against acceptance of employment "in connection with any matter which he has investigated or passed upon while in such [public] office or employ." The collection of a tax is "in connection with" the determination or assessment of the tax. We do not think Section 207(a) permits any less rigid standard of conduct or prescribes any less exacting test. The statutory interdiction includes acting adversely to the United States in connection with a claim of the United States in which the attorney participated personally and substantially. Mr. Davis "handled" income tax "claims" of the Government against some of the Trafficantes. The handling by Mr. Davis resulted in the assessment of a tax which the United States here seeks to collect. The assessment and the collection are in connection with the same claim. It is not necessary, in order that disqualification result from a prior employment, that it be shown that the attorney acquired knowledge while representing the prior client which could operate to his disadvantage in the subsequent adverse representation. 5 Am.Jur. 297–298, Attorneys at Law § 66.

The Preamble to the Canons of Ethics admonishes the members of the bar that their conduct should be such as to merit the approval of all good men. That conduct should not be weighed with hairsplitting nicety. We have found no exceptions to the exhortation to "abstain from all appearance of evil." 1 Thessalonians 5:22.

We do not say, and the record is free from any intimation, that Mr. Davis has been guilty of any intention wrong, nor has his conduct been such as to suggest any turpitude. We do hold that a case has been made out for the disqualification of Mr. Davis to represent those appellees who have retained him in this case.

The order denying the Government's motion to disqualify Roger L. Davis as attorney for the defendants is reversed, and the cause will be remanded for the entry of an order granting such motion.

Reversed and remanded.