Lewis TRAYLOR, Plaintiff,

v.

CITY OF AMARILLO, TEXAS, et al.,
Defendants.

William R. CURTIS, Plaintiff,

v.

CITY OF AMARILLO, TEXAS, et al.,
Defendants.

Civ. A. Nos. 2–1114, 2–1128.

United States District Court,
N. D. Texas,
Amarillo Division.

Nov. 26, 1971.

C. J. Taylor, Jr., Clayton & Clayton, Amarillo, Tex., for plaintiffs.

J. Bruce Aycock, City Atty., Harlow Sprouse, Underwood, Wilson, Sutton, Heare & Berry, Amarillo, Tex., for defendants.

(

## MEMORANDUM OPINION AND ORDER

WOODWARD, District Judge.

Plaintiffs in the above cases filed their respective complaints against the City of Amarillo, its mayor, its city manager and the members of its city commission, alleging causes of action under Title 42, U.S.Code, §§ 1983 and 1985. They each complain that defendants acting under color of certain city ordinances, known as Chapter 5, §§ 5–5, 5–6, 5–7, 5–8, and 5–9, destroyed private property belonging to each of them and located in the City of Amarillo, and that such action was taken without just compensation, judicial determination, or due process of law. Plaintiffs allege thereby a violation of their rights under the Fifth and Fourteenth Amendments of the Constitution of the United States, as well as alleging a scheme or conspiracy among defendants to violate those rights. Plaintiff Traylor alleges that he is bringing his suit as a class action.

Both plaintiffs are asking for damages, and plaintiff Traylor is asking as well that defendants be enjoined from acting further under the ordinances in question without affording the property owners due process and equal protection. Although the complaints do not specifically allege that the ordinances in question are

unconstitutional, it is alleged that the acts of the city in enforcing those ordinances and the manner of enforcement do deny to the plaintiffs constitutionally protected rights. It is against these acts and practices that the Court is asked to impose its sanctions.

■ Each plaintiff is being represented by Mr. C. J. Taylor, Jr., an attorney with the firm of Clayton and Clayton in Amarillo, Texas. Mr. Taylor was employed as city attorney for the City of Amarillo from February, 1966 to January 15, 1969. He gave notice of his intended resignation in June of 1969. The question here presented is whether the circumstances of his previous association with the City of Amarillo offer sufficient grounds for disqualification. The Court finds that they do.

In 1966, the ordinances in question were extensively amended. It was Mr. Taylor who, at the request of the city commission, drafted the proposed changes which were adopted and under which defendants took the action complained of in these suits. It was also Mr. Taylor who represented the city and defended these very provisions against an attack of invalidity and unconstitutionality in an earlier litigation with facts very similar to those of the instant cases. Betts v. City of Amarillo, et al., Cause No. 44.-721 in the 105th District Court of Potter County, Texas (1967). In both the Defendants' Answer and the defendants' appellate brief submitted in that case, Mr. Taylor stated that the resolutions under which the defendants had acted were lawfully passed under authority of the charter and ordinances of the City of Amarillo and the Constitutions and laws of the State of Texas and of the United States, and that all acts called for by these provisions were in accord with constitutional requirements. The constitutional issue evidently evaporated in the trial court, however. On appeal from a verdict for the plaintiff property owner, the Court of Civil Appeals reversed and remanded on the question of damages, with no mention whatsoever of constitutionality. City of Amarillo v. Betts,

429 S.W.2d 685 (Tex.Civ.App., Tyler, 1968). The fact that plaintiffs in the instant cases are attacking merely the constitutionality of acts taken under *color* of these ordinances rather than the constitutionality of the ordinances themselves, this Court finds to be immaterial to the question at hand. The fact remains that Mr. Taylor is now seeking to represent an interest directly adverse to an interest previously represented for another client, which would violate the Canons of Ethics of the State Bar of Texas and of the American Bar Association.

The procedures to be followed by the city in condemning property under the provisions in question are as follows: Inspection is made by a city building inspector. If violations of the Building Code are found, notice is given to the owner to repair or raze the structure. If after the specified time the owner has taken no action, notice is to be sent to the owner of a public condemnation hearing before the city commission, at which hearing he may appear to defend his property. It is at these hearings that resolutions authorizing condemnation are acted upon.

The resolution involving Mr. Traylor's property was prepared by the city attorney's office shortly before Mr. Taylor left that office. The hearing on that resolution was held December 30, 1969, and Mr. Taylor was present at that hearing in his capacity as city attorney.

In the case of the Curtis property, the first building inspection began on January 2, 1970, and the matter was not referred to the city attorney's office until after Mr. Taylor had terminated his employment with the city on January 15, 1970.

It is undisputed that Mr. Taylor had no personal knowledge of any of the facts in either of these cases, nor did he personally prepare the resolution or other legal papers in connection with either case.

■■ Nevertheless, it has been held that to be disqualified it is not neces-

sary that the attorney have represented the adverse party with respect to the specific issues in the pending litigation. United States v. Trafficante, 328 F.2d 117 (5th Cir., 1964). This Court agrees with the viewpoint expressed in *Trafficante* that in matters of disqualification, the conduct of attorneys should not be weighed with "hairsplitting nicety."

Canon 33 of the Canon of Ethics of the State Bar of Texas reads in part as follows: "A member, having once held public office or having been in the public employ, shall not after his retirement accept employment in connection with any matter which he has investigated or passed upon while in such office or employ, adverse to the interest previously represented by him while in such office or public employ."

Mr. Taylor's previous representation of the city in amending the ordinance in question, in defending it against an attack in the State court proceeding, and in defending the acts of the defendants, or their predecessors in office, in condemning property under this same ordinance in another case, are the types of acts contemplated by the above quoted portion of Canon 33.

It is obviously one of the purposes of this particular canon that the public at large not be given the impression that an attorney, because of his prior public employment, has had access to certain confidential information that he might use to the detriment of his prior employer or client. The facts in this particular case, as above outlined, could possibly give such an impression to the layman, no matter how unfounded.

The Court does not find that Mr. Taylor has in any way conducted himself so as to indicate negligence or impropriety on his part, or that he had personal knowledge of any of the facts in either of these cases because of his prior employment. The record is entirely free from any intimation that Mr. Taylor has been guilty of any intentional wrong, nor has his conduct been such as to suggest any turpitude; but as in the *Trafficante* case, the Court finds that sufficient facts were presented to the Court at the hearing in Amarillo, Texas on November 17, 1971, to show that Mr. Taylor is disqualified from representing the plaintiffs in these cases.

Accordingly it is ordered that the plaintiff in each of said cases shall retain other attorneys to represent them in the prosecution of their claims, and that they shall have sixty (60) days from this date to obtain additional counsel. It naturally follows that Mr. Taylor and his present associates in the firm of Clayton and Clayton would be disqualified from further representation of the plaintiffs, although they may assist in the obtaining of other counsel and in the necessary mechanical processes of turning the files and other data over to such attorney or attorneys.