REDMANN, Chief Judge,
dissenting.
“I am not in accord with [challenged counsel] that [the former client] is required to show that during the [first] litigation it disclosed matters to him related to the instant case. Rather, I hold that the former client need show no more than that the matters embraced within the pending suit wherein his former attorney appears on behalf of his adversary are substantially related to the matters or cause of action wherein the attorney previously represented him, the former client. The Court will assume that during the course of the former representation confidences were disclosed to the attorney bearing on the subject matter of the representation. It will not inquire into their nature and extent. Only in this manner can the lawyer’s duty of absolute fidelity be enforced and the spirit of the rule relating to privileged communications be maintained.
“To compel the client to show, in addition to establishing that the subject of the present adverse representation is related to the former, the actual confidential matters previously entrusted to the attorney and their possible value to the present client would tear aside the protective cloak drawn about the lawyer-client relationship. For the Court to probe further and sift the confidences in fact revealed would require the disclosure of the very matters intended to be protected by the rule. It would defeat an important purpose of the rule of secrecy — to encourage clients fully and freely to make known to their attorneys all facts pertinent to their cause. Considerations of public policy, no less than the client’s private interest, require rigid enforcement of the rule against disclosure. No client should ever be concerned with the possible use against him in future litigation of what he may have revealed to his attorney. Matters disclosed by clients under the protective seal of the attorney-client relationship and intended in their defense should not be used as weapons of offense. The rule prevents a lawyer from placing himself in an anomalous position. Were he permitted to represent a client whose cause is related *108 and adverse to that of his former client he would be called upon to decide what is confidential and what is not, and, perhaps, unintentionally to make use of confidential information received from the former client while espousing his cause. Lawyers should not put themselves in the position ‘where, even unconsciously, they might take, in the interests of a new client, an advantage derived or traceable to, confidences reposed under the cloak of a prior, privileged relationship.’ [Citing Watson v. Watson, 171 Misc. 175, 11 N.Y.S.2d 537, 540.] In cases of this sort the Court must ask whether it can reasonably be said that in the course of the former representation the attorney might have acquired information related to the subject of his subsequent representation. If so, then the relationship between the two matters is sufficiently close to bring the later representation within the prohibition of [former ABA] Canon 6.” T.C. Theatre Corp. v. Warner Bros. Pictures, 113 F.Supp. 265, 268-269 (S.D.N.Y.1953).
Plaintiffs counsel in this medical malpractice case had (through one of two partners) earlier represented defendant anesthesiologist in another medical malpractice case. On the ground that defendant had entrusted confidences and secrets to counsel in the earlier case, defendant moved disqualification of counsel to act (through the second of two partners) as plaintiffs counsel. (Disqualification of one lawyer disqualifies all lawyers associated with him; see La. DR 5-105(D).) Defendant now seeks review of the trial court’s refusal to disqualify counsel.
The lengthy quotation from Judge Wein-feld discusses most aspects of our problem. That there is a substantial relationship between proper anesthesiology when the client is the anesthesiologist and proper anesthesiology when the client is the patient seems, to this writer, self-evident — or at least to be the presumption that a court ought to accept, rather than its contrary.
To Judge Weinfeld’s discussion this writer would add one other consideration. A lawyer who recognizes his professional responsibility towards a former client cannot act with full professional independence and may therefore be incompetent as counsel for a new client with adverse interests — divided in his professional loyalties and unable to conduct a full and free discovery against and cross-examination of the former client. See United States v. Shea, 436 F.2d 740 (9 Cir.1970), in which the former client, now a prosecution witness against the new client, was held by the trial judge not subject to cross-examination by his former lawyer because of (undisclosed, of course) privileged information the former client had given to the former lawyer.
If one might doubt all the above conclusions, based on La. Canon 4’s command to preserve confidences and secrets and on Canon 5’s obligation of independent professional judgment and Canon 6’s demand for competent representation of a client, one ought nevertheless heed Canon 9’s injunction to “Avoid Even the Appearance of Professional Impropriety.” If there is doubt, it ought to be resolved in favor of disqualification; Fleischer v. A.A.P., Inc., 163 F.Supp. 548 (S.D.N.Y.1958), appeal dismissed 264 F.2d 515 (2 Cir.), cert. denied 359 U.S. 1002, 79 S.Ct. 1139, 3 L.Ed.2d 1030 (1959).
This writer would grant certiorari and request briefing by challenged counsel or on their behalf. Unless that briefing reasonably supports a conclusion of substantial unrelatedness between the areas of medical malpractice in which challenged counsel first defended and now prosecute their former client, this writer would order challenged counsel disqualified.