■ SHERRI GRUNSTEIN, Appellant, v MEYER GRUNSTEIN, Respondent. [607 NYS2d 974] —In a matrimonial action, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Segal, J.), dated November 21, 1991, as granted the defendant's motion to disqualify the law firm of Coblence and Warner from representing her in the action.

Ordered that the order is affirmed, with costs.

The defendant moved to disqualify the plaintiff's law firm, Coblence and Warner, on the ground that members of that firm had previously represented him in a criminal matter. The plaintiff did not dispute the prior representation, but argued that disqualification was not required because no confidences had been breached.

An attorney is prohibited from representing a party in a lawsuit when an opposing party is the lawyer's former client *(see, Greene v Greene,* 47 NY2d 447). This prohibition is imputed to current and former members of the same firm *(see, Cardinale v Golinello,* 43 NY2d 288) and has been applied to those instances in which an attorney who represented one spouse in a prior criminal action represents interests adverse to those of his former client in a subsequent matrimonial action *(see, Watson v Watson,* 171 Misc 175; *see also, Forbush v Forbush,* 107 AD2d 375; Code of Professional Responsibility DR 5-108 [22 NYCRR 1200.27]). Thus, the Supreme Court did not improvidently exercise its discretion in granting the defendant's motion *(see, Schmidt v Magnetic Head Corp.,* 101 AD2d 268). Thompson, J. P., O'Brien, Joy and Altman, JJ., concur.